FILED'10 JAN 19 09:57USDC-ORM

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

MEL ALLEN CUNNINGHAM,

        Petitioner,        Civil No. 08-96-CL

        v.        REPORT AND RECOMMENDATION

DON MILLS,

        Respondent.

CLARKE, Magistrate Judge.

    Petitioner filed a petition under 28 U.S.C. § 2254 challenging his sentence for one count of Assault in the second degree and three counts of Application of a Controlled Substance to the Body of Another Person. Petitioner alleges a single claim of ineffective assistance of counsel. Petition (#2).

    On December 23, 2008, respondent filed a Response (#17) moving to deny petitioner's claim and dismiss this proceeding. By Order (#21) entered April 1, 2009, petitioner was allowed

1 - REPORT AND RECOMMENDATION

21 days to file a brief in support of his petition or to show cause why respondent's Response (motion to dismiss) should not be allowed. Petitioner was advised that failure to respond to the court's order would result in the dismissal of this proceeding. Subsequently, petitioner was allowed a second extension of time until July 13, 2009 to file a brief and petitioner's petition was taken under advisement by the court on that date. See, Order (#23). The under advisement date was subsequently set over until September 28, 2009. Petitioner has not filed a brief.

Petitioner alleges a single claim of ineffective assistance of counsel. Specifically, petitioner alleges: "He didn't say on my consecutively sentencing or my concurrent sentencing. I thought only a jury could do that. It is illegal." (sic) Petition (#2) p. 6.

The trial court sentenced petitioner to 70 months on the Assault II, and to 40 months each on the three counts of ACS, with a total of 50 months of those three sentences to run consecutively to the Assault II, for a total of 120 months in prison. Respondent's Exhibit 101 and 104.

The Record reflects that petitioner's sentence was the result of a "negotiated settlement." Respondent's Exhibit 104, p. 1. The trial judge and petitioner's attorney discussed at length how to add up the sentences on the various counts to reach a total of the agreed upon total sentence of 120 months. Id., p 1-11. The judge clearly stated on the record that

2 - REPORT AND RECOMMENDATION

total sentence would be 120 months with a 70 month mandatory minimum. The judge also stated: "Beyond that, I can't tell you how much time you'd serve. <u>Id</u>. p. 9. Petitioner clearly stated on the record that he understood the terms of his sentence. <u>Id</u>., p. 11.

In <u>Stickland v. Washington</u>, 466 U.S. 668 (1984), the Supreme Court outlined a two-pronged test for assessing claims of ineffective assistance of counsel as follows:

A convicted defendant's claim that counsel's assistance was so defective as to require reversal of a conviction has two components. First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant shows both showings, it cannot be said that the conviction resulted from a breakdown of the adversary process that renders the result unreliable. <u>See also</u>, <u>Bel v. Cone</u>, 122 S.Ct. 1843 (2002) [proof of both deficient performance and prejudice necessary to establish Sixth Amendment violation based on ineffective assistance of counsel].

Petitioner does not challenge his plea in this case. He only attacks counsel's failure to object to the consecutive nature of the sentences. However, petitioner agreed to a

3 - REPORT AND RECOMMENDATION

sentence of 120 months as part of a plea agreement. As the PCR court found, petitioner "signed up for 120 months, and that's what he got." Respondent's Exhibit 113, p. 17.

Counsel noted, in his PCR affidavit "[b]ecause the sentence had been negotiated in advance, and petitioner knowingly accepted the agreed-upon sentence, I don't believe it would have been appropriate for me to object to what had just been stipulated." Respondent's Exhibit 112, p. 2. I agree. Under these circumstances, counsel's failure to object to consecutive sentences did not fall below the objective standard of reasonableness. Counsel had no reasonable basis to object to the sentence. Moreover, petitioner has not established that he was prejudiced the manner in which the sentencing court got to 120 months.

Petitioner has not proved that his counsel's failure to object to the consecutive sentences was unreasonably deficient or that he was prejudiced by counsel's actions. Petitioner's Petition (#2) should be denied. This proceeding should be dismissed.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment or appealable order. The parties shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written

4 - REPORT AND RECOMMENDATION

objections with the court. Thereafter, the parties have fourteen (14) days within which to file a response to the objections. Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to de novo consideration of the factual issues and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation.

*Should petitioner appeal, a certificate of appealability should be denied as petitioner has not made a substantial showing of the denial of a constitutional right. See, 28 U.S.C. § 2253(c)(2).*

DATED this 19 day of January, 2010.

/s/ Mark D. Clarke
United States Magistrate Judge